**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD KELIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-11-1080-M |
| | ) |
| CARLA ANN GUY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction, filed April 23, 2012. On May 23, 2012, plaintiff filed his response. On May 29, 2012, defendant filed her reply, and on July 6, 2012, plaintiff filed his Supplemental Response to Defendant's Reply Brief. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Both plaintiff and defendant are Caddo Indians and members of the Caddo Nation. Plaintiff is a resident and citizen of the State of Colorado, and defendant is a resident and citizen of the State of Oklahoma. Plaintiff is the president of an office supply company called CADDO Design, Inc. In early 2011, plaintiff and CADDO Design, Inc. began negotiations with the Caddo Nation with the intention of entering into a business venture to sell office products. Plaintiff and the Caddo Nation formed a limited liability company together; however, the venture fell apart after the Caddo Nation Tribal Counsel failed to approve the financing agreements.

On September 27, 2011, plaintiff filed the instant action, premised on diversity jurisdiction. Plaintiff alleges that defendant made various defamatory statements to tribal members in an effort to stifle the deal between CADDO Design, Inc. and the Caddo Nation. These statements were allegedly made at tribal counsel meetings within the territorial boundaries of the Caddo Nation and

through emails sent from defendant's office computer outside of the territorial boundaries of the Caddo Nation. Plaintiff has asserted multiple tort claims based on Oklahoma law, including slander per se, libel, invasion of privacy – false light, and invasion of privacy – publicity given to private life.

II.  Discussion

Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss this action because this Court lacks subject matter jurisdiction. Specifically, defendant contends that this Court does not have diversity jurisdiction unless an Oklahoma state court would also have subject matter jurisdiction and contends that all of plaintiff's claims are based on alleged events which occurred on the Indian Country lands of the Caddo Nation and that involve intra-tribal governmental affairs that are outside the jurisdiction of the State of Oklahoma. Defendant, therefore, asserts that no Oklahoma state court would have jurisdiction over such matters and that this Court, accordingly, likewise has no jurisdiction.

In his response, plaintiff concedes that Oklahoma typically does not possess jurisdiction to decide civil disputes occurring within Indian Country between two Indian parties but asserts that because portions of the alleged tortious conduct (the emails sent by plaintiff) did not occur within the territory of the Caddo Nation, Oklahoma, and thus this Court, would have subject matter jurisdiction over those portions of the alleged tortious conduct. Plaintiff further contends that this Court's assumption of jurisdiction would not interfere with tribal sovereignty and self-government.

In her reply, defendant contends that this Court must defer to tribal court remedies as a matter of comity and that tribal remedies must be exhausted before any claim based on diversity of citizenship is addressed by a federal court. Because plaintiff has not exhausted his tribal remedies,

defendant contends that this case should be dismissed. In his supplemental response, plaintiff asserts if exhaustion is required, it should only be required as to the claims arising within Indian County. Plaintiff also asserts that if the Court finds that exhaustion is required as to all claims, this Court should stay the litigation instead of dismissing it.

The United States Supreme Court has held that principles of comity demand that tribal remedies be exhausted before a claim based on diversity of citizenship is addressed by a federal court. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987). The Supreme Court determined:

> [r]egardless of the basis for jurisdiction, the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction. In diversity cases, as well as federal-question cases, unconditional access to the federal forum would place it in direct competition with the tribal courts, thereby impairing the latter's authority over reservation affairs.

*Id.* (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that the considerations of comity relied upon in *Iowa Mutual* require plaintiff to exhaust his tribal remedies before his claims are addressed by this Court. Requiring plaintiff to exhaust available tribal court remedies as a matter of comity is especially appropriate in light of the facts of this case. The instant action is a dispute between two tribal members – plaintiff is seeking to impose civil liability against defendant who asserts she was simply exercising her right as a tribal member under tribal law to interject her opinions and objections to plaintiff's business proposal with the Caddo Nation. It is undisputed many of the alleged defamatory statements were made by defendant on the Indian Country lands of the Caddo Nation. Further, any alleged emails between defendant and other tribal members regarding plaintiff's business proposal, even if they were sent and received outside Indian Country,

related to the Caddo Nation's affairs. Since the subject of the alleged defamatory statements and emails involved intra-tribal affairs, the Court finds that it should be left to a tribal court in the first instance to determine if it has jurisdiction over all of plaintiff's claims, including the alleged defamatory emails. Additionally, defendant asserts that her principle defense will be that she is entitled to voice her objections as a tribal member under the Caddo Nation's Constitution and that her speech at Tribal Membership meetings is protected under the Free Speech Clause under Section 1 of Article X of the Caddo Nation's Constitution. In light of the facts of this case, the Court finds that this action should be dismissed rather that stayed pending further tribal court proceedings.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss for Lack of Jurisdiction [docket no. 18] and DISMISSES this action on the basis of comity.

**IT IS SO ORDERED this 26th day of July, 2012.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE